**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| RONNIE COLEMAN, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | CIVIL ACTION NO. H-09-1510 |
| § | |
| SENTINEL TRANSPORTATION, LLC, § | |
| E.I. DU PONT DE NEMOURS & CO, § | |
| CONOCO PHILLIPS, CO., § | |
| RANDY BAILEY, JOE MIRELES, § | |
| and LEVI SMITH, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND ORDER**

In this employment discrimination suit, Ronnie Coleman alleges that he was subjected to unlawful discrimination based on his race and to retaliation based on his complaints about the discrimination. The defendants are Sentinel Transportation, LLC, Coleman's former employer; E.I. DuPont de Nemours and Company and ConocoPhillips, which, according to Coleman, are sued because Sentinel "is a partially owned subsidiary" of these two companies; and Randy Bailey, Joe Mireles, and Levi Smith, who are managers and supervisors at Sentinel. The following motions are pending:

- Sentinel and two of the individual defendants, Randy Bailey and Joe Mireles, have moved to dismiss for improper service of process. (Docket Entry No. 4).

- DuPont and ConocoPhillips have each filed motions to dismiss, arguing both improper service of process and failure to state a claim on which relief can be granted. (Docket Entry Nos. 5, 6).

Coleman has responded to all three motions, (Docket Entry Nos. 8-10), and the defendants have replied, (Docket Entry Nos. 11-13).

Based on a careful consideration of the complaint; the motions, responses, and replies; the record; and the applicable law, this court grants all three motions to dismiss, without prejudice. Coleman must file proof of effective service on Sentinel and the individual defendants by **December 18, 2009**. The claims against ConocoPhillips and DuPont are dismissed with leave to amend. Coleman may replead against ConocoPhillips and DuPont by **November 30, 2009.** Coleman must file proof of effective service on these defendants by **December 18, 2009.**

The reasons for these rulings are explained below.

**I.     Background**

In August 2006, Coleman began working as a truck driver in Sentinel's La Porte, Texas location  He brought this suit on May 19, 2009, alleging Title VII claims for race discrimination and retaliation and a Texas common-law claim for intentional infliction of emotional distress. Coleman alleges that, because of his race, he was subjected to harsher discipline than other employees and deprived of opportunities to train for open positions. Among Coleman's allegations is that Sentinel knowingly gave him a truck that was unsafe to operate and assigned him fewer driving hours than he deserved. Coleman alleges that he complained about his route assignments, which resulted in employees and management commenting to him that he should "mind his business." (Docket Entry No. 1, ¶ 12). Coleman filed a grievance against Sentinel's regional manager and head dispatcher in October or November 2008. Sometime thereafter, Coleman received a reprimand letter. (*Id.*, ¶¶ 12-13). Coleman alleges that he timely filed a Charge of Discrimination with the EEOC and received a right-to-sue letter. (*Id.*, ¶ 6).

Coleman named six defendants: Sentinel, DuPont, ConocoPhillips, Randy Bailey, Joe Mireles, and Levi Smith.  Bailey, Mireles, and Smith apparently are or were Sentinel employees because Coleman alleged that those individuals could be served at Sentinel's address in La Porte. (*Id.*, ¶ 2).  Coleman alleged that Sentinel was a partially owned subsidiary of both ConocoPhillips and DuPont.  He also listed particular agents through which ConocoPhillips and DuPont could be served.  His complaint did not otherwise make any allegations specifically concerning ConocoPhillips, DuPont, or the individual defendants.

Coleman served Sentinel by his lawyer mailing process via certified mail to the attention of the legal department at the address of Sentinel's Delaware office.  (Docket Entry No. 4, Ex. A). Coleman's lawyer served Bailey and Mireles by mailing a certified letter sent to them at the address of Sentinel's LaPorte facility.  (*Id.*, Exs. B, C).  The record does not show how, if at all, Coleman served Smith.  Coleman's lawyer served DuPont by mailing a certified letter to the company's Delaware address but did not name any specific addressee within the company.  (Docket Entry No. 5, Exs. A, B).  Coleman's lawyer served ConocoPhillips by sending a certified letter to ConocoPhillips's Houston address, again without addressing it to any specific employee or department.  (Docket Entry No. 6, Exs. A, B).  The return addresses indicate that all the certified letters were sent by the attorney representing Coleman in this suit, Percy Singleton.  (Docket Entry Nos. 4, Exs. A-C; 5, Ex. A; 6, Ex. A).

Sentinel, Bailey, and Mireles together filed a motion to dismiss under Rule 12(b)(5) for defective service of process.  (Docket Entry No. 4).  DuPont and ConocoPhillips each filed a motion to dismiss under both Rule 12(b)(5) for defective service and Rule 12(b)(6) for failure to state a claim against DuPont.  (Docket Entry No. 5, 6).  Coleman responded to all three motions, (Docket

3

Entry Nos. 8-10), and the defendants all replied, (Docket Entry Nos. 11-13). Each motion is addressed below.

## II. The Motions to Dismiss for Improper Service

### A. The Applicable Law

The Federal Rules of Civil Procedure authorize service on an individual defendant by personal delivery, by leaving process with a person of suitable age and discretion at the defendant's usual residence, or by making delivery to an agent authorized to receive service. FED. R. CIV. P. 4(e). In addition to those methods, Rule 4 also allows service in accordance with "state law for serving a summons in an action brought in courts of general jurisdiction where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1). A corporation or other business association may be served in a United States judicial district either in a manner authorized in the state where the district court is located or where service is made or by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. . . ." FED. R. CIV. P. 4(h)(1). Under the Federal Rules, service may be made by "[a]ny person who is at least 18 years old and not a party." FED. R. CIV. P. 4(c)(2).

The law of two states must be considered as well: Texas, where this court is located, and Delaware, where service was attempted on two of the corporate defendants. Under Texas law, one means of service is "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto." TEX. R. CIV. P. 106(a)(2). Such service must be made by a person authorized by Rule 103 of the Texas Rules. Rule 103 allows service only by persons authorized by law, such as a sheriff or constable, or by court order. "But

no person who is a party to or interested in the outcome of a suit may serve any process in that suit." TEX. R. CIV. P. 103.  For corporate defendants, "[t]he president and all vice presidents of the corporation and the registered agent of the corporation shall be agents of such corporation upon whom any process . . . to be served upon the corporation may be served."  TEX. BUS. CORP. ACT art. 2.11(A); *see also* Alan N. Greenspan, *Process and Subpoenas in Federal and Texas State Courts*, 46 BAYLOR L. REV. 613, 621 (1994).

The Rules of Civil Procedure for the Delaware Superior Court, that state's court of general jurisdiction for claims at law, provide that service on a corporation must be made by *delivery* to an officer, managing or general agent, or agent authorized by law to receive process.  DEL. SUPER. CT. R. CIV. P. 4(f)(1).  Service by certified mail is not allowed.  *See Shomide v. ILC Dover LP*, 2006 WL 2042969, *3 (D. Del. Jul. 20, 2006).  Service may only be made "by the sheriff to whom the writ is directed, by a deputy or by some person specially appointed by the Court for that purpose."  DEL. SUPER. CT. R. CIV. P. 4(d).

Rule 12(b)(5) of the Federal Rules of Civil Procedure allows defendants to challenge the method of service attempted by the plaintiff.  FED. R. CIV. P. 12(b)(5).  If service of process is challenged as defective, the party responsible for serving has the burden to show that the service was valid.  *Systems Signs Supplies v. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir.1990).

### B.     The Method of Service

Coleman attempted to serve the defendants by certified mail.  Such service is only valid if it  complies with the law of the state where this court sits, Texas, or the law of the state where service was attempted, which is Delaware for DuPont and ConocoPhillips and Texas for the other defendants.

Delaware law does not allow service by certified mail. DEL. SUPER. CT. R. CIV. P. 4(f)(1); *Shomide*, 2006 WL 2042969, *3. Texas law allows service by certified mail but only if it is made "by any person authorized by Rule 103." TEX. R. CIV. P. 106(a). Coleman does not dispute that Percy Singleton, Coleman's attorney, was the one who served the defendants by certified mail. The validity of service depends on whether Singleton was authorized to serve process under Texas Rule 103.

### C. The Server of Process

Texas Rule 103 states that service may only be made by (1) persons authorized by law or court order who are (2) not "a party to or interested in the outcome of a suit." TEX. R. CIV. P. 103.[1] (Delaware law contains a similar provision. DEL. SUPER. CT. R. CIV. P. 4(d).) The federal rule allows service by any nonparty over 18 years old. FED. R. CIV. P. 4(c)(2).

Coleman has the burden to show that service was proper. *See Systems Signs Supplies*, 903 F.2d at 1013. Coleman has not shown that Singleton was authorized by law or court order to serve process. And, as Coleman's attorney in this litigation, Singleton is a person "interested in the outcome" of this suit, which makes the service ineffective under Texas law. *See West v. Terry*

---

[1] Rule 103 also provides: "Service by registered or certified mail and citation by publication must, if requested, be made by the clerk of the court in which the case is pending." TEX. R. CIV. P. 103. Some courts have concluded that this language allows only the clerk of court and no other persons to serve by mail. *Osorio v. Emily Morgan Enters., L.L.C.*, 2005 WL 589620, at *2 (W.D. Tex. Mar. 14, 2005) ("Although Texas permits service of process via certified mail, return receipt requested, only the clerk of the court may serve process in this manner"); *Kleppinger v. Assocs. Corp. of N. America,* 2003 WL 22329032, at *2, 3 (N.D. Tex. Oct. 6, 2003) ("only the clerk of the court may serve process [via certified mail, return receipt requested]"). Other courts have determined that the rule is broader. *See P & H Transp., Inc. v. Robinson*, 930 S.W.2d 857, 859 (Tex. App.-Houston [1st Dist] 1996, writ denied) (service by authorized private process server is valid because "service by mail may be made not only by the clerk but also by other authorized persons").

*Bicycles, Inc.*, 230 F.3d 1382, 2000 WL 152805, at *3 (Fed. Cir. Feb. 10, 2000) (applying Texas law); *Jackson v. United States*, 138 F.R.D. 83, 87-88 (S.D. Tex. 1991).

Coleman has not satisfied his burden to show that Sentinel, Bailey, Mireles, DuPont, or ConocoPhillips was served by a proper person using a proper method. Service on those defendants was not effective.

### C.  The Recipient of Corporate Service

Coleman was also required to serve a proper agent of each corporate defendant. Under the Federal Rule, the Texas Rule, and the Delaware Rule, Coleman did not serve a proper person at any of corporate defendants. The Sentinel envelope was sent to Sentinel Transportation, "Attn: Legal Dept." (Docket Entry No. 4, Ex. A). The DuPont and ConocoPhillips envelopes were not specifically addressed to any department or person. Because the envelopes were not addressed to a corporate president, vice-president, or registered agent, or even an officer or managing or general agent, service on the corporate defendants was not effective.

On the current record, Coleman has not effectively served process on any defendant that has moved to dismiss.[2] The Rule 12(b)(5) motions are granted, without prejudice.

### III.  The Rule 12(b)(6) Motions

### B.  The Applicable Law

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is

---

[2]  The record does not reveal whether or how Levi Smith was served.

entitled to relief." FED. R. CIV. P. 8(a)(2). *Twombly* abrogated the Supreme Court's prior statement in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Twombly*, 550 U.S. at 562–63 ("*Conley's* 'no set of facts' language . . . is best forgotten as an incomplete, negative gloss on an accepted pleading standard . . . ."). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1974).

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court elaborated on the pleading standards discussed in *Twombly*. The Court set out a procedure for evaluating whether a complaint should be dismissed:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 129 S. Ct. at 1950.

The *Iqbal* Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). With respect to the "plausibility" standard described in *Twombly*, *Iqbal* explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The *Iqbal* Court noted that "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.* (quoting *Twombly*, 550 U.S. at 557).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion.") (internal citation omitted). However, a court may deny leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990) (footnote omitted); *see also Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999) ("A district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.") (footnote omitted).

**B.     The DuPont and ConocoPhillips Motions**

DuPont and ConocoPhillips argue that Coleman has not pleaded any allegations against them that, if proven, would entitle him to relief. The only reference to DuPont and ConocoPhillips in his complaint is that Sentinel is a partially-owned subsidiary**.** (Docket Entry No. 1, ¶ 7). .

Title VII subjects only "employers," "employment agencies," and "labor organizations" to liability. *See* 42 U.S.C. § 2000e-2 (establishing "unlawful employment practices"); *Skidmore v. Precision Printing & Pkg., Inc.*, 188 F.3d 606, 616 (5th Cir. 1999). Although the term "employer" was meant to be liberally construed,[3] *Trevino v. Celanese Corp.*, 701 F.2d 397, 403 (5th Cir. 1983), a corporate parent may only be held liable for the unlawful employment practices of a subsidiary when the parent and subsidiary "represent a single, integrated enterprise: a single employer." *Id.* at 403-04; *see also Skidmore* 188 F.3d at 616 (5th Cir. 1999) (quoting *Trevino*); *Garcia v. Elf Atochem N. Am.*, 28 F.3d 446, 450 (5th Cir. 1994), *abrogated on other grounds by Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998) (same). The factors relevant to determining whether parent and subsidiary are a single employer include: "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management,

---

[3]   The Act defines the term "employer"as follows:

> (b) The term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person, but such term does not include (1) the United States, a corporation wholly owned by the Government of the United States, an Indian tribe, or any department or agency of the District of Columbia subject by statute to procedures of the competitive service (as defined in section 2102 of Title 5), or (2) a bona fide private membership club (other than a labor organization) which is exempt from taxation under section 501(c) of Title 26, except that during the first year after March 24, 1972, persons having fewer than twenty-five employees (and their agents) shall not be considered employers.

> 42 U.S.C.A. § 2000e(b).

and (4) common ownership or financial control." *Skidmore*, 188 F.3d at 616-17; *Garcia*, 28 F.3d at 450; *Trevino*, 701 F.2d at 404.

Coleman has not alleged that either DuPont and Sentinel or ConocoPhillips and Sentinel are a single, integrated entity. He has not made allegations concerning any of the four substantive law elements for showing the existence of a single, integrated entity.[4] He has failed to state a claim against DuPont or ConocoPhillips under pleading law even as it existed before *Twombly* and *Iqbal*. Those defendants' partial ownership of Sentinel is not a basis for liability, as a matter of law. And a barebones assertion of partial ownership neither provides fair notice of Coleman's claims against DuPont and ConocoPhillips or the grounds on which they rest. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (finding that after *Twombly* and *Iqbal*, the rule remains that "a plaintiff must provide notice to defendants of her claims."). Both DuPont's and ConocoPhillips's Rule 12(b)(6) motions are granted, with leave to amend.

## IV.    Conclusion

All of the Rule 12(b)(5) motions are granted. Coleman must file proof of effective service on Sentinel and the individual defendants by **December 18, 2009**. Both Rule 12(b)(6) motions are also granted. The claims against ConocoPhillips and DuPont are dismissed with leave to amend. Coleman may replead against ConocoPhillips and DuPont by **November 30, 2009.** Coleman must file proof of effective service on these defendants by **December 18, 2009.**

SIGNED on November 16, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

---

[4] In his response brief, Coleman cited to industry articles, SEC filings, and corporate websites giving some context to the corporate relationship between Sentinel on the one hand and DuPont and ConcoPhillips on the other. Because those facts are not alleged in the complaint, they are not properly considered in deciding a Rule 12(b)(6) motion challenging the sufficiency of the pleadings.

11