**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| RONNIE COLEMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-09-1510 |
| | § | |
| SENTINEL TRANSPORTATION, LLC, | § | |
| E.I. DU PONT DE NEMOURS & CO, | § | |
| CONOCO PHILLIPS, CO., | § | |
| RANDY BAILEY, JOE MIRELES, | § | |
| and LEVI SMITH, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Ronnie Coleman alleges that he was subjected to discrimination based on his race and to retaliation based on his complaints about the discrimination. Coleman named as defendants Sentinel Transportation, LLC, his former employer, and Randy Bailey, Joe Mireles, and Levi Smith, who are managers and supervisors at Sentinel. On November 16, 2009, this court granted, without prejudice, motions to dismiss filed by Sentinel, Bailey, and Mireles because Coleman had not complied with the requirements for serving process. (Docket Entry No. 20). Coleman was given leave to attempt service again and ordered to file proof of effective service by December 18, 2009. (*Id.*). On December 18, Coleman mailed to the Texas Secretary of State, who then forwarded it by mail to CT Corporation, Sentinel's registered agent for service in Texas. Sentinel received the documents from CT on January 4, 2010. (Docket Entry No. 25, Ex. A). Coleman did not attempt to serve the individual defendants.

Sentinel moved to dismiss under Rule 12(b)(5) of the Federal Rules of Civil Procedure, arguing that the service of process attempted on it failed to comply with this court's order or the requirements of Rule 4 of the Federal Rules of Civil Procedure. (Docket Entry No. 25). Sentinel has also moved to dismiss under Rule 12(b)(6) on the basis that Coleman's suit was not timely filed. (*Id.*). Coleman has responded. (Docket Entry No. 26).

Bailey, Mireles, and Smith have also moved to dismiss, with prejudice, under Rules 12(b)(5) and 12(b)(6). (Docket Entry No. 24). Coleman has not responded to the individual defendants' motion to dismiss. Coleman stated in his response to Sentinel's motion that "he has voluntarily waived personal jurisdiction as to the individual defendants by not attempting service a second time." (Docket Entry No. 26 at 3). The Rule 12(b)(5) motion filed by Bailey, Mireles, and Smith is granted on this basis. The claims against the individual defendants are dismissed, without prejudice. Sentinel's Rule 12(b)(5) motion is also granted, for the reasons explained below.[1]

Sentinel's Rule 12(b)(5) motion focuses on Coleman's failure to file proof of service by December 18, 2009, as this court ordered him to do. The docket is clear, and Coleman does not dispute, that proof of service was not filed until February 8, 2010. The parties dispute in their briefing whether process was *served* by December 18, which appears to be Coleman's interpretation of what this court ordered him to do.[2]

The record shows that at 11:58 p.m. on December 18, Coleman's attorney used an automated postal machine to send process to the Texas Secretary of State by certified mail. (Docket Entry No.

---

[1] Because the Rule 12(b)(5) motions are granted, the Rule 12(b)(6) motions are not addressed; they are moot.

[2] Coleman's attorney stated in the response that, after the initial conference held on December 10, 2009, he "mistakenly believed" that all service deadlines had been extended to December 31, 2009. He no longer contends that December 31 was the relevant date. His argument now appears to be that the December 18 deadline was the date by which he was required to serve the defendants, not the date by which he was required to file proof of service. (Docket Entry No. 26 at 3-4).

27, Ex. 1). It appears that the envelope he sent included a copy of the summons issued August 29, 2009. On this copy, it appears that Coleman crossed out Sentinel's name and address and replaced it with CT's name and address. The envelope also included an undated, amended complaint, which was not filed with this court until February 8, 2010. (Docket Entry No. 25, Ex. A, Shaw Aff., Ex. 1). The Secretary of State received the materials on December 21 and forwarded them to CT, also by certified mail. (*Id.*). CT sent the documents to Sentinel's Delaware office, which received them on January 4, 2010. (Docket Entry No. 25, Ex. A, Shaw Aff., ¶ 3). Coleman argues that service was complete when he dropped the envelope in the mail just before midnight on December 18. His argument fails because this was not a case in which the Secretary of State was the proper agent for service.

Under Texas law, the Secretary of State is considered an agent for service of process on a nonresident defendant only as specified by statute. The Secretary is an agent in the following situations:

- The nonresident "is required by statute to designate or maintain a resident agent or engages in business in this state, but *has not designated or maintained a resident agent for service of process*." TEX. CIV. PRAC. & REM. CODE § 17.044(a)(1) (emphasis added); *see also* TEX. BUS. CORP. ACT, Art. 8.10(B).

- The nonresident "has one or more resident agents for service of process, but *two unsuccessful attempts have been made* on different business days to serve each agent." TEX. CIV. PRAC. & REM. CODE § 17.044(a)(2) (emphasis added).

- The nonresident "is not required to designate an agent for service in this state, but *becomes a nonresident after a cause of action arises* in this state but before the cause is matured by suit in a court of competent jurisdiction." TEX. CIV. PRAC. & REM. CODE § 17.044(a)(3) (emphasis added).

- The nonresident "engages in business in this state, but *does not maintain a regular place of business in this state or a designated agent for service of process*," if the "proceeding that arises out of the business done in this state and to which the nonresident is a party." TEX. CIV. PRAC. & REM. CODE § 17.044(b) (emphasis added).

None of these situations is present here.  The first and fourth do not apply because Sentinel appointed CT Corporation in Dallas as its agent for service in Texas.  The fourth is also inapplicable because Sentinel maintains a place of business in Texas, the LaPorte, Texas office where the acts giving rise to this suit were alleged to have occurred.  The second does not apply because there is no allegation or evidence that Coleman has previously attempted to serve CT Corporation.  Finally, the third is inapplicable because Sentinel's residence has not changed since the cause of action arose. In interpreting the prior version of the relevant statute, the Texas Supreme Court observed that "[i]f the defendant had a regular place of business or a designated agent in Texas, we doubt it could be successfully contended that service of process could be made on the Secretary of State." *McKanna v. Edgar*, 388 S.W2d 927, 929 (Tex. 1965).

The Secretary of State was not a proper agent for receiving or serving process in this case. In cases where she is appointed by statute, she may *receive* service on behalf of certain statutorily specified nonresidents, not *serve* process on them.  *See Campus Investments, Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004).  And even if the Secretary could serve process on CT Corporation, she did so after December 18, 2009, the date by which Coleman believes he was ordered to serve process.  This court's order, of course, was that "Coleman must file *proof of effective service* on Sentinel and the individual defendants by December 18, 2009."  (Docket Entry No. 20 at 2). Coleman did not file any proof of service until February 8, 2010, and has still not filed proof of *effective* service.  Coleman has failed to show any good cause for further extensions of time.  *See* FED. R. CIV. P. 4(m).  Despite several pages of discussion on proper service in this court's November 16, 2009 order, Coleman did not use a method approved by the rules.  Despite the initial conference held before this court on December 10, 2009, while Coleman still had a week remaining to file proof of service, Coleman waited until 11:58 p.m. on December 18 to attempt service.  Although notice

eventually reached CT and Sentinel, that is not sufficient.  The motion to dismiss is granted, without prejudice, leaving no remaining defendants.  This case is dismissed, without prejudice.

SIGNED on March 3, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge